IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

R.M.F. GLOBAL, INC.,
INNOVATIVE DESIGNS, INC.,

      Plaintiffs,                                    04cv0593

      v.                                           **Electronically Filed**

ELIO D. CATTAN,
ELIOTEX SRL,

      Defendants.

## MEMORANDUM OPINION

**March 6, 2006**

### I.  Introduction

Defendants Elio D. Cattan ("Cattan") and Eliotex, SRL ("Eliotex") have filed a motion to confirm an Italian Arbitration Award ("Award") and for judgment implementing the Award (Document No. 35) against plaintiffs R.M.F. Global, Inc., ("RMF") and Innovative Designs, Inc. ("IDI").  Plaintiffs oppose enforcement of the Award on several grounds, including that they were denied an opportunity to participate in the Italian Arbitration Association ("IAA") Proceedings ("Proceedings") in any meaningful capacity because they allegedly received insufficient notice.  Additionally, plaintiffs contend that filing a motion to compel is a prerequisite to enforcement of an arbitration award, and because defendants did not initiate proceedings to enforce the Award by filing such a motion, this Court should decline the relief requested.  Plaintiffs also raise other alleged procedural irregularities in the IAA Proceedings, challenge the validity of the agreement to arbitrate, and contend that enforcement of the award would violate the public policy of the United States.

II.     **Procedural History**

On April 20, 2004, RMF and IDI filed a five count complaint against Elio D. Cattan and Eliotex asking this Court to: (1) declare that they did not infringe on U.S. Patent No. 6,083,999 (the "'999 patent"), entitled "Process for the Preparation of a Super Lightweight Foamed Sheet;" (2) declare that the '999 patent is invalid and unenforceable; (3) declare that plaintiffs have not infringed on defendants' rights in the Eliotex trademark; (4) enjoin defendants from further tortious interference with plaintiffs' business and contractual relations; and (5) enjoin defendants from engaging in unfair competition.  Plaintiffs sought equitable relief, monetary damages and attorney's fees.

Defendants filed a motion to dismiss or to stay the action pending arbitration, based upon the "exclusive agency, distribution and marketing agreement" ("the Agreement"), executed by the parties or their agents, which contains a clause compelling arbitration pursuant to IAA rules. In pertinent part, the Agreement stated:

> In the event of a dispute between the parties as to the terms and
> conditions of this Agreement, and in the event that such dispute
> does not prove susceptible to amicable resolution, the parties
> hereto agree to accept binding arbitration in accordance with the
> rules of the Italian Arbitration Association in order to promptly and
> efficiently effectuate a resolution of said dispute.

Letter motion by Elio D. Cattan for James O. Guy, Esq. to appear pro hac vice (Doc. No. 5), Exhibit 2, clause 11.

This Court held that plaintiffs' claims at count (4), tortious interference with business and contractual relations, and count (5), unfair competition, were within the scope of the arbitration clause because they necessarily flow from an alleged breach of the

2

"terms and conditions" of the Agreement.  The Court deemed counts (1), (2), and (3) to be "likely outside the scope of the agreement to arbitrate."  Memorandum Opinion, November 24, 2004 at 7.

Where some (but not all) of plaintiffs' claims must be resolved through arbitration, the Federal Arbitration Act ("FAA") 9 U.S.C. §§ 1-14, provides that a court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3.  When any issue is raised that is within the scope of a valid arbitration agreement the Court is required to stay federal court proceedings.  *Lloyd v. Hovensa, LLC.,* 369 F.3d 263, 270 (3d Cir. 2004).  On September 21, 2004 this Court denied defendants' motion to dismiss without prejudice, and stayed the federal court action pending the arbitration.

On May 6, 2005, a three attorney panel of the IAA issued an award assessed in the amount of $4,176,000 plus legal interest accrued from the date of the Award, €150,000, plus tax to be paid to the 3 attorney arbitration panel, and €50,000 plus tax to be paid to the attorney for the defendants against plaintiffs and Joseph Ricelli.[1]

---

[1] On December 16, 2005, defendants Elio D. Cattan and Eliotex filed a "Motion for an Order Pursuant to Rules 19 and 21 of the Federal Rules of Civil Procedure to add Joseph Ricelli as a Party and to Confirm the Italian Arbitration Award and for Judgment Implementing the Award" ("Confirmation Motion") (Document No. 35). By Order of February 17, 2006, this Court denied the motion to join Mr. Ricelli because of defendants' failure to comply with local rules and this Court's case management orders; moreover, this Court exercised its discretionary authority over case management to deny the motion to join Mr. Ricelli.

### III.    Discussion

"The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, shall be enforced in United States courts in accordance with this chapter." 9 U.S.C. § 201.  Title 9, United States Code, sections 201-208, provides for implementation and limited judicial review of arbitration awards rendered under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"). 9 U.S.C. §§ 201-208.   The Convention reflects a presumption that foreign arbitration awards will be confirmed.  9 U.S.C. § 207 ("Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."); *Aasma v. Am. S.S. Owners Mut. Prot. & Indem.,* 238 F. Supp. 2d 918, 920 (N.D. Ohio 2003).

Among the grounds for refusal or deferral of recognition or enforcement of the award specified in said Convention are lack of adequate notice, failure of due process as recognized by this country, and violation of this country's public policy.   The party opposing confirmation bears the burden of establishing Article V grounds barring confirmation of the arbitral award. *First State Ins. Co. v. Banco de Seguros Del Estado,* 254 F.3d 354, 357 (1st Cir. 2001)

**Notice of IAA Proceedings and Opportunity to Participate**

RMF and IDI had sufficient notice of the IAA Proceedings, and were apprised of every step of the arbitration process but tactically chose not to participate.

Plaintiffs knew, or should have known, that the Agreement they executed specified arbitration as the path of dispute resolution. Defendants' motion to dismiss or to stay the federal court proceedings certainly alerted plaintiffs at the same time it alerted this Court to the arbitration provision and the IAA proceedings, and this Court stayed the federal court action to allow the IAA Proceedings to move forward.

Plaintiffs' own motion to lift stay and reopen proceedings acknowledged that a Deed of Arbitrator's Appointment ("Arbitration Deed") had been filed in Italy against RMF Global, IDI, and Joseph Ricelli, and that defendants had chosen their arbitrator. The Arbitration Deed also invited plaintiffs and Ricelli to appoint their own arbitrator and attorney. Plaintiffs' counsel requested an extension of 30 days to determine whether they would obtain counsel and participate in the Proceedings in Italy.

Thus, it is simply *incredible* for plaintiffs to claim they did not have notice of the Proceedings, in the face of this *overwhelming* record evidence to the contrary. In *Geotech Lizenz AG v. Evergreen Systems, Inc.*, 697 F.Supp. 1248 (E.D. N.Y. 1988), the United States District Court for the Eastern District of New York rejected an American company's argument that it had inadequate notice of Swiss arbitration proceedings where correspondence between the company and opposing counsel and the arbitrators contradicted that claim, stating as follows:

> Evergreen was apprised of every step of the arbitration

> process. The Company was granted repeated extensions of time and given every opportunity to participate in the arbitration. Correspondence between Evergreen's attorneys and the arbitrator reveal that it was Evergreen's choice to fail to appear at the arbitration and to instead pursue its State Court Action. Under these circumstances the Court has difficulty comprehending the basis for any argument based on an alleged lack of notice. Moreover, the mere fact that participation in a foreign arbitration would be inconvenient for Evergreen does not amount to a denial of Evergreen's due process rights. There is no evidence that the LMA was anything other than a business agreement reached after arms-length negotiations. If Evergreen did not wish to have its business disputes adjudicated in a Swiss arbitration proceeding, it should have negotiated a more favorable term at the outset.

697 F.Supp. at 1253.

As in *Geotech Lizenz*, this Court has difficulty comprehending the basis for any argument based on an alleged lack of notice.

**<u>Defendants Were Not Required to File a Motion to Compel Arbitration</u>**

Section 207 of the Convention provides that a party "to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration." 9 U.S.C. § 207.  Section 207 does not mandate that such party can only seek confirmation by filing a motion to compel, although that may be the more common procedure.  In this case, however, plaintiffs initially filed the federal lawsuit and defendants immediately raised the agreement to arbitrate as a defense and brought a motion for dismissal or stay.  This motion *obviously* was the functional equivalent of a motion to compel arbitration, even though it did not carry that label.

**<u>Validity of the Abritration Agreement and Alleged Irregularities in Proceedings</u>**

Plaintiffs assert that "RMF has never been afforded the opportunity to develop a factual or evidentiary record upon which to attack the validity of the agreement containing the arbitration clause." Plaintiffs' Supplemental Response (Document No. 50), at ¶ 72. As the United States Supreme Court just recently affirmed, however, challenges to the validity of the contract containing an arbitration provision, including fraud in the inducement and "contract of adhesion" type challenges, are matters to be determined by the arbitrator, not by a court. *Buckeye Check Cashing, Inc. v. Cardegna*, ___ U.S. ____, 2006 WL 386362 (February 21, 2006). Plaintiffs could have litigated the validity of the Agreement in the IAA proceedings, but chose not to do so.

Similarly, as to any alleged procedural irregularities in the IAA Proceedings, plaintiffs had every opportunity to participate in the IAA Proceedings, and chose not to do so. "Under Article V(1)(b) of the Convention, enforcement of a foreign arbitral award may be denied if the defendant can prove that he was 'not given proper notice or was otherwise unable to present his case.'" *Parsons & Whitemore Overseas Co., Inc. v. Societe Generale De L'Industrie Du Papier (Ratka),* 508 F.2d 969, 975 (2d Cir. 1974). Plaintiffs have not met their burden of showing how they were *unable* to present their case. See *Int'l Standard Elec. Corp. v. Bridas Int'l Standard Elec. Corp.,* 745 F.Supp. 172 (S.D.N.Y. 1990) ("we hold that no objection to the appointment procedure used in the selection and consultation of the expert on New York law was made, that any objections . . . were waived, and ISEC will not now be heard to complain about it.").

**The Award Does Not Violate Any Public Policy**

Plaintiffs' final argument is that enforcement of the Award would violate the public policy of the United States because it was entered in violation of their due process rights. Under article V(2)(b) of the Convention, enforcement of an arbitral award may be refused if the reviewing court finds that enforcement of the award would be contrary to the public policy of that court's country, but the party opposing confirmation bears the burden of establishing how the award violates a public policy of the country. *First State Ins. Co. v. Banco de Seguros Del Estado,* 254 F.3d 354, 357 (1st Cir. 2001). Just saying the words "against public policy" is insufficient. See *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 2005, 403 F.3d 85 (2d Cir. 2005) ("Given the strong public policy in favor of international arbitration, review of arbitral awards under Convention on the Recognition and Enforcement of Foreign Arbitral Awards is very limited to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation."); *Trans Chemical Ltd. v. China Nat. Mach. Import and Export Corp.*, 161 F.3d 314 (5th Cir. 1998) ("Section of Convention . . . providing defense to confirmation when 'the recognition or enforcement of the award would be contrary to the public policy of that country' is construed very narrowly and applied only where enforcement would violate forum state's most basic notions of morality and justice.").

As the Court has determined, plaintiffs had notice of the IAA Proceedings and opportunity to be heard, and, thus, were afforded due process protections but declined to avail themselves of these protections. No public policy is implicated by confirmation of

8

the Award.

**IV. Conclusion**

Plaintiffs were undoubtedly aware of the IAA Proceedings, and had every opportunity to participate in those Proceedings. They chose not to participate, and now they must accept the consequences of that choice. This Court will not now disregard the Award entered in the IAA Proceedings or reward plaintiffs' refusal to litigate in the forum in which they were contractually bound to litigate. For the foregoing reasons, the Court will grant defendants' motion to confirm the arbitration award (Document No. 35).

                                              s/ Arthur J. Schwab
                                              Arthur J. Schwab
                                              United States District Judge

cc: all counsel of record