IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

R.M.F. GLOBAL, INC.,
INNOVATIVE DESIGNS, INC.,
    Plaintiffs,                                       04cv0593
    v.                                                **Electronically Filed**

ELIO D. CATTAN,
ELIOTEX SRL,
    Defendants.

## MEMORANDUM AND ORDER OF COURT

On May 9, 2006, this Court entered final judgment against plaintiffs R.M.F. Global, Inc., ("RMF") and Innovative Designs, Inc. ("IDI"), jointly and severally, in the amount of $4,176,000, plus legal interest thereon from May 6, 2005. Plaintiffs filed an appeal from this Court's previous order of March 6, 2006, confirming the award of a panel of the Italian Arbitration Association, but subsequently withdrew that appeal; no appeal was taken from the final judgment entered May 9, 2006.

On June 29, 2006, plaintiffs filed a Chapter 7, Title 11, petition in the United States Bankruptcy Court for the Western District of Pennsylvania.  Before the Court is the Motion to Withdraw Order of Reference Pursuant to 28 U.S.C. § 157(d) (Document No. 88) filed by defendants Elio D. Cattan ("Cattan") and Eliotex, SRL ("Eliotex").  After careful consideration of the motion and brief in support, and plaintiffs' response thereto, the Court will deny the motion.

As plaintiffs point out in their response, there is no indication that defendants' Motion to Withdraw the Reference was filed initially in the Bankruptcy Court for its recommendation to this Court, as required by Local Rule of Bankruptcy Procedure 5011-1.  Nevertheless, the Court will decide and deny the motion to withdraw the reference.

My colleague in the United States District Court for the Western District of Pennsylvania, Judge Gary L. Lancaster, recently summarized the relevant law as follows:

> The district court has original, but not exclusive, jurisdiction over all bankruptcy proceedings. 28 U.S.C.A. § 1334(b). The bankruptcy court exercises such jurisdiction under a standing order of reference, as provided by 28 U.S.C.A § 157(a). Once a Title 11 proceeding has been referred to the bankruptcy court, the district court's authority to withdraw the reference is governed by 28 U.S.C.A. § 157, which provides for both mandatory and permissive withdrawal. Under section 157(d):
>
>> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.
>
> Withdrawal from the bankruptcy court is mandatory where the district court determines that resolution of the proceeding requires consideration of both Title 11 and other federal laws. Withdrawal from the bankruptcy court is permissive under the statute "for cause shown." As the movant in this case, the Insurers bear the burden of showing cause. In re NDEP Corp., 203 B.R. 905, 907 (D.Del. 1996). Although the phrase "for cause shown" is not defined in the statute, the Court of Appeals for the Third Circuit has set forth five factors that a district court should consider in determining whether "cause" exists for discretionary withdrawal. These factors include: (1) promoting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor/creditor resources; (4) expediting the bankruptcy process; and (5) timing of the request for withdrawal. In re Pruitt, 910 F.2d 1160, 1168 (3d Cir.1990).
>
> Another factor that the district court should consider is whether the parties have requested a jury trial. Bankruptcy courts cannot conduct jury trials unless the parties consent.

>   28 U.S.C.A. § 157(e). However, assertion of a Seventh Amendment right to a jury trial, coupled with a refusal to consent to such trial before the bankruptcy court, is not of itself sufficient cause to justify discretionary withdrawal. In re Northwestern Institute of Psychiatry, Inc., 268 B.R. 79, 84 (Bankr.E.D.Pa.2001).
>
>   Finally, it is important in assessing the propriety of withdrawing the reference to determine whether the action sought to be withdrawn is a core or non-core proceeding. See 28 U.S.C.A. § 157(b)(1). While the bankruptcy courts have jurisdiction to hear both core and non-core matters, the scope of the bankruptcy court's authority is different. When adjudicating core matters, the bankruptcy court may issue final orders and judgments. 28 U.S.C. § 157(b)(1). In non-core matters, the bankruptcy court has more limited powers. It may not issue final orders and judgments; rather, it must submit proposed findings of fact and conclusions of law to the district court for de novo review. 28 U.S.C.A. §157(c)(1).
>
>   Core proceedings include "allowance or disallowance of claims against the estate . . . and estimation of claims or interests for the purposes of confirming a plan under Chapter 11 . . . but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution . . . ." 28 U.S.C.A. § 157(b)(2)(B).

In re American Capital Equipment, LLC, 324 B.R. 570, 572-73 (W.D.Pa. 2005).

The automatic referral of plaintiffs' Chapter 7 petition in this case does not implicate any other federal laws regulating organizations or activities affecting interstate commerce.  The underlying case, i.e., the proceedings to compel arbitration and enforce an arbitration award, did involve such other federal laws, but that case has been finally adjudicated and resulted in a substantial monetary judgment against plaintiffs, which was not appealed.  All that remains now is collection of defendants' judgment, and that does not involve federal laws other than the bankruptcy laws.  Mandatory withdrawal of reference is not required.

Moreover, this matter does not implicate the right to trial by jury, is a core proceeding in bankruptcy, and defendants have not shown any good cause to withdraw the proceedings from the Bankruptcy Court, which is well equipped and best able to handle the collection matter. Permissive withdrawal is not appropriate. Accordingly, defendants' Motion to Withdraw Order of Reference Pursuant to 28 U.S.C. § 157(d) (Document No. 88) will be denied.

Date: July 27, 2006                                 s/ Arthur J. Schwab
                                                    Arthur J. Schwab
                                                    United States District Judge

cc: All counsel of record