IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

R.M.F. GLOBAL, INC.,
INNOVATIVE DESIGNS, INC.,
       Plaintiffs,                              04cv0593
       v.                                      **Electronically Filed**

ELIO D. CATTAN,
ELIOTEX SRL,
       Defendants.

ORDER OF COURT GRANTING (DOC. NO. 99)
"MOTION TO STRIKE ASSIGNMENT AND
SATISFACTION OF JUDGMENT (DOC. NO. 97)"

On May 9, 2006, this Court entered a Judgment (doc. no. 76) in favor of Defendants Elio D. Cattan and Eliotex, SRL against Plaintiffs RMF Global, Inc. and Innovative Designs, Inc. ("IDI"), jointly and severally, in the amount of $4,176,000 plus legal interest from May 6, 2005. IDI appealed that judgment to the United States Court of Appeals for the Third Circuit, which transferred the appeal to the United States Court of Appeals for the Federal Circuit, where it apparently is still pending. See (doc. no. 98).

On May 27, 2008, Elite Properties, LLC filed an "Assignment and Satisfaction of Judgment" (doc. no. 97) which states, in its entirety:

> Kindly enter and index in the above-captioned matter the Assignment of Judgment which Greystone, Inc. ("Assignor") assigned to Elite Properties, LLC ("Assignee") by Assignment of Judgment dated October 3, 2007, a copy of which is attached hereto as Exhibit A.

Further, kindly mark the aforementioned Judgment satisfied.

Exhibit A, "Assignment of Judgment," provides that, for the sum of $1,000, Greystone assigned to Elite Properties, a Pennsylvania limited liability company, all of its rights and interests in the $4,176,000 judgment obtained by Cattan and Eliotex against IDI and RMF Global

(doc. no. 74). Greystone's "rights and liabilities" against Cattan and Eliotex were obtained as a result of a favorable French arbitration award in an unrelated matter.

Neither Greystone nor Elite Properties are parties to this action. Thus, through the simple expedient of a non-party filing an unnoticed, and therefore unchallenged, Assignment and Satisfaction of Judgment, the non-party's Assignment and Satisfaction purports to reduce this Court's $4,176,000 Judgment to $1,000.

Cattan and Eliotex have filed a Motion to Strike Assignment and Satisfaction of Judgment (doc. no. 97), alleging common law "champerty" and "maintenance" on the part of IDI's attorney who filed the Assignment and Satisfaction of Judgment in this Court who, they claim, was acting duplicitously on behalf of the non-parties and his clients in this case. The Court finds there is no need to address and resolve the Pennsylvania common law "champerty" and "maintenance" claims, because it is otherwise within the Court's discretion to strike the Assignment and Satisfaction of Judgment filed by a non-party in this case.

After careful consideration of the motion to strike, brief in support, response and brief in opposition, the testimony and voluminous evidence adduced at the hearing of December 3, 2008, and the parties' supplemental briefs of January 30, 2009, with voluminous attachments, fairness and equity compel this Court to strike the Assignment and Satisfaction of Judgment that was filed by a non-party without notice to the affected parties to the case.

Whether champertous or not, it would certainly be inequitable, under all of the circumstances, to allow this Court's Judgment of over $4 million to be reduced to $1,000 by the unnoticed, and therefore unchallenged, filing of the Assignment and Satisfaction of Judgment by a non-party to this proceeding. See Fed.R.Civ.P. 60(b)(5) and (6) ("On motion and just terms,

the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.").

Accordingly, the Court HEREBY GRANTS the Motion to Strike Assignment and Satisfaction of Judgment (doc. no. 97).

The real contest in this case is in state court concerning the effect, if any, that striking the Assignment and Satisfaction of Judgment may have on the execution proceedings that have taken or may take place in the Pennsylvania courts, and that will be decided by the Pennsylvania courts.

SO ORDERED February 5, 2009

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: all ECF registered counsel